[Cite as *State v. Montgomery*, 2012-Ohio-391.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

LAWRENCE MONTGOMERY

     Defendant-Appellant

Appellate Case No. 24450

Trial Court Case No. 2009 CR 02328

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

**O P I N I O N**

Rendered on the    3rd    day of      February     , 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

KATHERINE A. SZUDY, Atty. Reg. #0076729, Office of the Ohio Public Defender, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WAITE, J. (Sitting by Assignment)

{¶ 1}   Appellant Lawrence Montgomery appeals the judgment of the Montgomery County Court of Common Pleas overruling the motion to vacate his sentence.   Appellant was convicted of rape in 1987 and was later adjudicated as a sexually oriented offender.   He was released from prison in 2004.   As part of his designation as a sexually oriented offender, he was required to register or verify his address with the county sheriff annually.   In 2007, he was reclassified as a Tier II Sex Offender under the new provisions of Ohio's version of the federal Adam Walsh Act ("AWA").   Starting in 2008, he was required to register or verify his address every 90 days.   Appellant subsequently failed to verify his address as required by the AWA.   He pleaded guilty to the charge and on August 19, 2009, he was sentenced to three years in prison.   He did not appeal the conviction or sentence.

{¶ 2}   On June 3, 2010, in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Ohio Supreme Court decided that certain parts of the AWA were unconstitutional.   The Court held that the provisions allowing the Ohio Attorney General to reclassify sexual offenders who had previously had their sexual offender classification determined by a judge violated the constitutional rule of separation of powers.   The reclassification provisions of the AWA were severed from R.C. Chapter 2950.   Thus, on November 16, 2010, Appellant filed a motion to vacate his sentence based on the holding in *Bodyke*.   The trial court ruled on the motion on December 29, 2010 and determined that Appellant could not rely on *Bodyke* because that case applied only to offenders whose convictions were pending on appeal on the date *Bodyke* was announced.   Since Appellant did not file a direct appeal of his conviction, the trial court accurately concluded that his case was not pending when *Bodyke* was announced.   The motion to vacate was overruled.

{¶ 3}   Appellant argues on appeal that the trial court should have applied the *Bodyke* holding and vacated his conviction and sentence because it was based on his 2008 reclassification as a Tier III sexual offender by the Ohio Attorney General.   Appellant's argument is persuasive.   *Bodyke*, as well as subsequent Ohio Supreme Court opinions, prohibit the application of the AWA to all offenders who were previously adjudicated under Megan's Law due to a separation of powers violation.   The Ohio Supreme Court has also held that the AWA is punitive and violates the constitutional prohibition against retroactive laws.   *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.   Similar to *Bodyke*, the *Williams* Court held that the AWA could not be applied to any offender who committed an offense prior to the enactment of the law.   Id. at ¶22.   Based on *Bodyke* and *Williams*, Appellant's guilty plea, conviction and sentence are vacated and the case is remanded to the trial court for further proceedings.

Background of the Case

{¶ 4}   Appellant was originally convicted of rape in 1987, and was released from prison on March 11, 2004.   On August 16, 2000, while he was still incarcerated for the rape conviction, he was adjudicated by the Montgomery County Court of Common Pleas as a sexually oriented offender under Ohio's version of the federal Jacob Wettling Act, also known as Megan's Law.   Ohio's version of Megan's Law was passed as part of Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, effective January 1, 1997, and codified in R.C. Chapter 2950.   As part of his designation as a sexually oriented offender, Appellant was required to register annually with the Sheriff's Office for ten years and to verify his address annually for ten years.   Appellant was released from prison on March 11, 2004.

{¶ 5}  In 2006, Congress replaced Megan's Law with the AWA, codified at Section 16901 et seq., Title 42, U.S.Code.  The AWA created a three-tiered system of sexual offender classification and registration, and the act required states to comply with the new law or risk losing their federal crime-control funding.  In 2007, Ohio adopted the Sex Offender Registration and Notification Act, R.C. Chapter 2950, as its version of the federal AWA.  Ohio's AWA was passed as part of Sub. S.B. 10, 2007 Ohio Laws 10, effective January 1, 2008.  The classification scheme for sexual offenders changed significantly under S.B. 10, subjecting the offender to longer and more burdensome reporting and registration requirements than under Megan's Law, and in many cases providing for more severe penalties for violations of the statute.  Appellant was automatically reclassified under the AWA.  He received a letter notifying him of the new classification on November 26, 2007, with the change to be effective on January 1, 2008.  Under the new classification system, Appellant was required to register or verify his address with the county sheriff every 90 days for life.  Appellant subsequently failed to verify his address as a sex offender under the new law and was charged with and convicted of a first degree felony for failure to report pursuant to R.C. 2950.06.  He was sentenced on August 19, 2009, to three years in prison. He did not appeal the conviction or sentence.

{¶ 6}  On June 3, 2010, the Ohio Supreme Court decided that certain parts of Ohio's version of the AWA were unconstitutional.  *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.  Pursuant to *Bodyke*, Appellant's original classification as a sexually oriented offender was reinstated, along with the former notification provisions.

{¶ 7}  On November 16, 2010, Appellant filed a motion to vacate his sentence. The state filed a response, and the court ruled on the motion on December 29, 2010.  The

court noted that Appellant did not appeal the final judgment issued on August 19, 2009. The court held that *Bodyke* applied only to cases that remained pending when the decision was rendered on June 3, 2010. As Appellant's case was not on direct appeal when *Bodyke* was released, the trial court did not apply *Bodyke* to Appellant's situation. The court also determined that if Appellant's motion to vacate was actually intended to be a motion for postconviction relief, it was filed beyond the time limit set by the postconviction relief statute, R.C. 2953.21(A)(2). The court then overruled the motion to vacate.

{¶ 8} Appellant filed this timely appeal on January 26, 2011.

ASSIGNMENT OF ERROR

{¶ 9} "The trial court erred when it overruled Mr. Montgomery's November 16, 2010 Motion to Vacate His Three-Year Prison Term. (December 29, 2010 Decision, Order, and Entry Overruling Defendant's Motion to Vacate His Three-Year Prison Term)."

{¶ 10} Appellant argues that he was not subject to the requirements of the AWA and could not have been convicted of violating the 90-day verification requirements of the statute. He contends that he was judicially designated as a sexually oriented offender under Megan's Law and is subject only to the annual registration and verification provision of that statute. He relies on *Bodyke* to support his reasoning. *Bodyke* held that the AWA violates the constitutional rule of separation of powers because it gave the Ohio Attorney General, an officer of the executive branch of the government, the power to review and reclassify sexual offenders after their sexual offender classification had already been determined by a judicial proceeding. Id. at paragraph two of the syllabus. The AWA also violates the rule of separation of powers because the state legislature, in effect, used its lawmaking power to modify or overturn final judgments issued by judges. Id. at ¶55. The Ohio Supreme Court

has held that "[t]he administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers." *State ex rel. Johnston v. Taulbee*, 66 Ohio St.2d 417, 423 N.E.2d 80, (1981), paragraph one of the syllabus. Based on the dual violations of the separation of powers, the reclassification provisions of the AWA, R.C. 2950.031 and 2950.032, were severed from R.C. Chapter 2950 and were rendered unenforceable. Id. at ¶66. Appellant argues on appeal that the trial court should have applied the *Bodyke* holding and vacated his sentence because it was based on his 2008 reclassification as a Tier III sexual offender by the Ohio Attorney General, and was not based on a violation of the former Megan's Law.

{¶ 11} Appellee argues that *Bodyke* may only be applied to cases that were still pending on direct appeal on the date that *Bodyke* was announced. We have recently held otherwise: "Following its expansive language, the supreme court has not limited its holding in *Bodyke* to that case and to those sex offenders who had pending cases based on challenges to their reclassifications. Rather, the supreme court has applied *Bodyke* to all sex offenders who were reclassified by the Attorney General under R.C. 2950.031 and R.C. 2950.032." *State v. Eads*, 2d Dist. Montgomery No. 24696, 2011-Ohio-6307, ¶20. Failure to challenge the reclassification provisions of the AWA on direct appeal is not a bar to raising a *Bodyke* challenge through some other procedural mechanism. Id. at ¶23. We have also held that sentences arising from an improper reclassification of an offender under the AWA are void. *State v. Pritchett*, 2d Dist. Montgomery No. 24183, 2011-Ohio-5978, ¶28. A void sentence may be reviewed at any time either on direct appeal or through a collateral attack of the sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶30.

{¶ 12} The parties are aware that a motion to vacate a void sentence is not specifically provided for in the Ohio Rules of Criminal Procedure. Appellant argues that his motion should be treated as a Civ.R. 60(B) motion for relief from judgment. Civ.R. 60(B), a rule of civil procedure, is sometimes applied to criminal cases by reference to Crim.R. 57(B), which allows a criminal court to look to the rules of civil procedure when no appropriate criminal rule exists. Civ.R. 60(B)(4) allows for relief from judgment when a prior determination upon which a judgment has been based has been reversed or otherwise vacated. Civ.R. 60(B)(5) allows for relief from judgment for any other appropriate reason. Appellant believes that the judgment entry of August 19, 2009, has essentially been reversed, vacated, or nullified by *Bodyke*, and that he should be given relief from his judgment of sentence through Civ.R. 60(B).

{¶ 13} Appellee, in keeping with the argument used by the trial court, contends that Appellant is procedurally barred from relying on Civ.R. 60(B). Appellee submits that a Civ.R. 60(B) motion cannot be used as a substitute for a direct appeal. It is a fundamental principle of both civil and criminal procedure that a Civ.R. 60(B) motion is not a substitute for a direct appeal. *State v. Dunn*, 2d Dist. Montgomery No. 21766, 2007-Ohio-4890; *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755 (2000). Appellant did not file a direct appeal of his conviction and sentence. Appellee contends that Appellant could have raised a constitutional separation of powers argument regarding his sentence in a direct appeal, although he obviously could not have relied on *Bodyke* for support as it had not been decided during the time that Appellant could have processed any direct appeal. Appellee concludes that Appellant cannot use Civ.R. 60(B) to achieve relief that may have been available through a direct appeal. As we have already noted, *Bodyke*

has been applied to all offenders whose sexual offender status was reclassified under the AWA, without regard to the manner in which the offender attempted to raise the issue with the court. We have not limited relief only to cases that were on direct appeal when *Bodyke* was announced.

{¶ 14} Appellee further argues that Appellant's motion to vacate his sentence does not meet the procedural requirements of a petition for postconviction relief under Crim.R. 35 and R.C. 2953.21. A petition for postconviction relief in many ways serves the same purposes as a Civ.R. 60(B) motion. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶11. A petition for postconviction relief filed under R.C. 2953.21(A) must be filed within 210 days after the sentencing entry is journalized if no direct appeal is taken of the conviction and sentence. *State v. Carson*, 2d Dist. Greene No. 2003-CA-76, 2004-Ohio-2741, ¶8. Appellant did not meet that deadline, nor did he attempt to satisfy the exceptions for filing a late petition. See R.C. 2953.23(A). For this reason, Appellee contends that there is an additional reason why we should not reach the merits of Appellant's motion to vacate.

{¶ 15} Ultimately, we need not determine whether Civ.R. 60(B) or R.C. 2953.21 was properly invoked because Appellant's motion to vacate can more correctly be characterized as a Crim.R. 32.1 motion to withdraw his guilty plea. Crim.R. 32.1 allows an offender to file a postsentence motion to withdraw or vacate a plea to correct a manifest injustice. We have recently reviewed and granted relief pursuant to *Bodyke* arising from a postsentence motion to withdraw a plea. *Pritchett*, supra. Given the expansive wording of *Bodyke* directing us to apply its holding to all offenders reclassified under the AWA, and the fact that a void sentence may be reviewed at any time, we review Appellant's arguments under

the law governing a postsentence motion to withdraw a plea rather under the more restrictive rules governing Civ.R. 60(B) motions or petitions for postconviction relief. We are also aware that Appellant could raise the arguments he raises in a delayed appeal pursuant to App.R. 5. The manifest injustice that Appellant is attempting to correct would only be magnified if we avoided reviewing the merits of his argument now, only to be compelled to review them in a delayed appeal. Thus, fundamental fairness requires that we review the merits of his appeal under the framework of a Crim.R. 32.1 motion to withdraw a plea.

{¶ 16} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 17} "Under Crim.R. 32.1, a defendant who files a post-sentence motion to withdraw [his] guilty plea bears the burden of establishing a 'manifest injustice.' * * * A manifest injustice has been defined as 'a clear or openly unjust act' that involves 'extraordinary circumstances.' We apply an abuse-of-discretion standard to a trial court's decision on a motion to withdraw a guilty plea." (Internal citations omitted). *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶6. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell*, 2d Dist. Montgomery No. 17499, *2 (Aug. 20, 1999).

{¶ 18} Appellant was charged with failure to verify his address in violation of R.C. 2950.06, a first degree felony under the AWA. The 2008 amendments to R.C. 2950.06

significantly modified the registration and verification requirements for sexual offenders. Appellant was required to verify his address annually for a period of ten years under Megan's Law, but pursuant to the AWA he was required to register and verify his address every 90 days for life. Further, Appellant's violation of the verification requirement would have been a third-degree felony under Megan's Law. It constituted a first-degree felony under the AWA.

{¶ 19} *Bodyke* held that the 2008 AWA amendments to R.C. Chapter 2950 were unconstitutional under the separation of powers doctrine. The specific statutory mechanism for reclassifying offenders is found in R.C. 2950.031 and 2950.032. *Bodyke* declared R.C. 2950.031 and 2950.032 unconstitutional, and the statutes were severed from R.C. Chapter 2950. *Bodyke* further held that "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶66.

{¶ 20} Appellant submits that the Ohio Supreme Court applied the *Bodyke* holding to a case similar to his: *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192. In *Gingell*, the defendant was convicted of rape in 1981 and was classified as a sexually oriented offender under Megan's Law in 2003. To comply with Megan's Law, Gingell was required to report once per year for ten years. A failure to register under this requirement was a fifth-degree felony. Once the AWA was enacted, Gingell was reclassified as a Tier III offender. Under the AWA, Gingell was required to report every 90 days for the rest of his life. Failure to register, under the AWA, was classified as an offense of the same degree as the underlying offense. In Gingell's case, this was a first-degree

felony. Gingell was indicted on and pleaded guilty to a charge of failure to verify his address under the AWA. The trial court sentenced him to eight years in prison.

{¶ 21} Gingell appealed, arguing that the court had erred in retroactively applying the requirements and penalties of the AWA to him. He argued that the AWA increased the severity of his violation of R.C. 2950.06 to a first-degree felony. He contended that if the court had applied the version of R.C. 2950.99 in place at the time of his original classification, it would have made his failure to verify his address a fifth-degree felony. The court of appeals upheld the sentence, and he appealed to the Ohio Supreme Court. During the pendency of that appeal, the Ohio Supreme Court issued its decision in *Bodyke*. The Ohio Supreme Court reversed Gingell's conviction on the basis of the *Bodyke* holding regarding the violation of the separation of powers doctrine, rather than on the retroactivity argument raised by Gingell. Appellant contends that the trial court should have followed *Gingell* and reversed his conviction even though he did not raise the legal theory used in *Bodyke* at the time he was sentenced or on appeal.

{¶ 22} We agree with Appellant's argument. We have been persuaded by a similar argument in the recent *Pritchett* case, which was released after Appellant filed his brief in this matter. In *Pritchett*, the offender was reclassified as a Tier III Sex Offender under the AWA and was subsequently convicted and sentenced for violating R.C. 2950.05, failure to notify of a change of address. Such a violation under Megan's Law would have been a third-degree felony, but under the new AWA provisions, it was a first degree felony with a mandatory minimum three-year prison term. Pritchett was sentenced to a mandatory three-year prison term. He did not file a direct appeal of his sentence. Almost a year after he was sentenced, he filed a Crim.R. 32.1 postsentence motion to withdraw his plea. The

trial court overruled the motion, and he filed an appeal to this Court. Based on the broad holdings of both *Bodyke* and *Williams*, supra, we reviewed the merits of Pritchett's appeal. We agreed with the trial court that Pritchett's violation of R.C. 2950.05 was valid both under Megan's Law and under the AWA, and was not a basis for reversing the underlying judgment of the trial court. However, we held that his sentence was void, because it was based on the increased penalty set forth in the AWA and not the penalty prescribed by Megan's Law. We determined that it would be a manifest injustice to continue Pritchett's incarceration based on a void statute and sentence. Id. at ¶28. We vacated the sentence and remanded the case for a new sentencing hearing.

{¶ 23} In *Pritchett*, the ultimate error being corrected was the length of the offender's sentence and not the validity of the conviction itself. In this appeal, though, it is unclear whether Appellant could have been charged at all under the 90-day notification requirements of the AWA, since he was only required to register and verify his address annually pursuant to the former Megan's Law. The more appropriate remedy in this case is to vacate the conviction itself as well as the guilty plea on which the conviction was based.

Conclusion

{¶ 24} In conclusion, Appellant is not procedurally barred from presenting the merits of his appeal even though he failed to file a direct appeal of the sentence imposed on him on August 19, 2009. The Ohio Supreme Court has held that AWA violates the constitutional rule of separation of powers and constitutional prohibition against retroactive laws. The judicial determination that the AWA is unconstitutional must be applied to all offenders who were automatically reclassified under the AWA and were previously classified under Megan's Law. Appellant filed a motion to vacate his sentence that should more properly be

construed as a postsentence motion to withdraw his plea. Based on the record in this case, the trial court should have granted the motion. Appellant's assignment of error has merit, and we hereby vacate Appellant's guilty plea, conviction and sentence. The case is remanded to the trial court for further proceedings according to law and consistent with this Opinion.

. . . . . . . . . . . .

GRADY and DONOVAN, JJ., concur.

(Hon. Cheryl L. Waite, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Katherine A. Szudy
Hon. Connie S. Price