[Cite as *State v. Blanton*, 2012-Ohio-3276.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

     Plaintiff-Appellee               :           C.A. CASE NO.    24295

v.                                      :           T.C. NO.    09CR1012

GREGORY E. BLANTON                      :           (Criminal appeal from
                                                    Common Pleas Court)

     Defendant-Appellant              :

                                        :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the ___20th___ day of ___July___, 2012.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 25 E. Central Avenue, Suite 4, Springboro, Ohio 45066
     Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Gregory E. Blanton appeals from the trial court's denial of his petition for

post-conviction relief. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2}     In 2003, Blanton was convicted of gross sexual imposition and sent to prison. At the time of his conviction, Blanton was designated a sexually oriented offender, which required him to register as a sex offender annually for 10 years. While Blanton was incarcerated, he was reclassified as a Tier II sex offender under Ohio's version of the federal Adam Walsh Act, S.B. 10. As a result of this reclassification, he was required to register every 180 days for 25 years.

{¶ 3}     Blanton was released in 2008. He subsequently failed to comply with his new registration requirements, and he was convicted, after a bench trial, of failure to verify his residential address. In July 2009, the trial court sentenced him to community control, but his community control was revoked several months later and he was sentenced to two years in prison. Blanton did not timely appeal his conviction or revocation.

{¶ 4}     In August 2010, Blanton filed a motion for a new trial, arguing that there was insufficient evidence to convict of not verifying his address since his Tier II reclassification was void, pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. The next month, he filed a petition for post-conviction relief raising the same issue. Blanton further moved for an amended nunc pro tunc entry on the ground that the court's sentencing entry did not comply with Crim.R. 32(C) and thus no final judgment had been entered in his case.[1]

{¶ 5}     The State moved to dismiss Blanton's petition for post-conviction relief and his

---

[1] The trial court did not explicitly rule on Blanton's motion for a nunc pro tunc entry. However, its rulings on Blanton's motion for a new trial and petition for post-conviction relief indicate that the court considered Blanton's conviction to be final.

motion for a new trial as untimely. The State further argued that *Bodyke* did not apply to convictions that had become final.

**{¶ 6}** The trial court dismissed Blanton's petition for post-conviction relief and motion for a new trial, indicating that it lacked the authority to grant the relief that he requested. The court explained:

> While seeking the most expeditious avenue possible for Mr. Blanton's unique circumstances to be reviewed, this Court must be mindful of the limitations imposed upon its authority and jurisdiction, which limitations apply even when they appear (as here) to impose an unjust delay. This Court * * * has ruled that jurisdiction to hear challenges such as Mr. Blanton's challenge to his conviction under *Bodyke*, rests with the Second District Court of Appeals, using the procedural mechanism of a motion for delayed appeal. Judge Langer's sound analysis [in a prior ruling from the same trial court] rests upon the distinction of whether Defendant's conviction is void or merely voidable. A voidable sentence carried to execution is appropriately reviewed by the Court of Appeals, not the trial court.

> Defendant's petition for post-conviction relief is untimely, since the safe-harbor provision requires a ruling by the United States Supreme Court, not merely the Ohio Supreme Court. R.C. 2953.23(A)(1). The State's arguments as to lack of timeliness of Defendant's post-conviction relief petition are well taken. So, too, Defendant's Motion for a New Trial is untimely. Additionally, a new trial is not the appropriate procedural tool for review of Defendant's conviction.

For these reasons, the Court grants the State's Motion to Dismiss. In doing so, this Court has not reached the State's argument concerning retroactive application of *Bodyke*. This decision, order and entry is a final appealable order. In the event deemed otherwise, the Court finds no just reason for delay.

{¶ 7} Blanton appealed from the trial court's ruling, and his original appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon an initial review, we found that Blanton's appeal was not wholly frivolous. We agreed with the trial court that "the ultimate decision in this case may rest 'upon the distinction of whether Defendant's conviction is void or merely voidable.'" We also expressed concern about the trial court's language that R.C. 2953.21 allows for post-conviction review only when there is an intervening decision by the United States Supreme Court, even when there may be an intervening decision of the Ohio Supreme Court relying on the United States Constitution. We, therefore, permitted Blanton's appellate counsel to withdraw and appointed new counsel. Blanton, with new appellate counsel, now raises one assignment of error.

{¶ 8} After filing this appeal, Blanton sought leave to file a delayed appeal from his 2009 conviction. We denied his motion. *State v. Blanton*, 2d Dist. Montgomery No. 24523 (Mar. 25, 2011).

II.

{¶ 9} In his sole assignment of error, Blanton claims that "[t]he trial court erred in dismissing [his] post conviction petition since his sentence was void." Blanton argues that his conviction was based upon an unconstitutional reclassification and that the facts were thus insufficient to support his conviction.

{¶ 10} In *Bodyke*, the Ohio Supreme Court concluded that "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine. In addition, R.C. 2950.031 and 2950.032 violate the separation-of-powers doctrine by requiring the opening of final judgments." *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 67. The court severed the reclassification provisions from S.B. 10, ordered that they may not be applied to offenders previously adjudicated by judges under Megan's Law, and reinstated the classifications and community-notification and registration orders previously imposed by judges. *Id.* at ¶ 66. The supreme court has applied *Bodyke* to all sex offenders who were reclassified by the attorney general under R.C. 2950.031 and 2950.032. *See State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192 (vacating on direct appeal, pursuant to *Bodyke*, Gingell's conviction for failure to verify his address as required by S.B. 10, even though Gingell had not challenged his reclassification).

{¶ 11} In July 2011, the Supreme Court of Ohio rendered its decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In that case, Williams was indicted in 2007 for unlawful sexual contact with a minor, and he pled guilty to the charge. At his plea hearing, Williams was informed that he would not be subject to reporting requirements. Williams subsequently requested that he be sentenced under Megan's Law, rather than S.B. 10, which was in effect at the time of Williams's sentencing in 2008. The trial court applied S.B. 10 and informed Williams that he would be designated a Tier II sex offender. Williams appealed, arguing that S.B. 10 could not constitutionally be applied retroactively to a defendant whose

offense occurred prior to the effective date of that statute. The supreme court agreed with Williams, holding that "S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams* at ¶ 21.

{¶ 12} We have applied *Bodyke* and *Williams* in a variety of contexts. In *State v. Eads*, 2d Dist. Montgomery No. 24696, 2011-Ohio-6307, the defendant did not appeal from his classification under S.B. 10, but he challenged that classification on appeal after he was subsequently convicted for failing to verify his residential address. On direct appeal from that conviction, we recognized that the defendant's classification under S.B. 10 was void under *Williams*, and we vacated his conviction for failing to verify his address.

{¶ 13} In *State v. Montgomery*, 2d Dist. Montgomery No. 24450, 2012-Ohio-391, the defendant pled guilty to failure to verify his address in accordance with S.B. 10 and did not file a direct appeal. He later moved to vacate his conviction and sentence, arguing that the trial court should have applied *Bodyke*. We noted that Montgomery could not use Civ.R. 60(B) to vacate his conviction, and that he did not meet the procedural requirements of a petition for post-conviction relief, if his motion were construed as such. However, we declined to determine whether Civ.R. 60(B) or R.C. 2953.21 were properly invoked, because his motion could "more correctly be characterized as a Crim.R. 32.1 motion to withdraw his guilty plea." *Montgomery* at ¶ 15. Construed as such, we held that the trial court erred in failing to grant the motion. We ordered that Montgomery's conviction and sentence be vacated, and we remanded to the trial court.

{¶ 14} However, in *State v. Caldwell*, 2d Dist. Montgomery No. 24333,

2012-Ohio-1091, we held that the defendant's motion to vacate his conviction for failing to verify his address was properly construed as a petition for post-conviction relief. Like Blanton, Caldwell was convicted, after a bench trial, of failure to verify after he had been reclassified under S.B. 10. A year later, Caldwell moved to vacate his conviction, based on *Bodyke*. The trial court treated the motion as a petition for post-conviction relief and dismissed it as untimely.

{¶ 15} Upon review, we held that the trial court properly reviewed Caldwell's motion as a petition for post-conviction relief. We stated, "Caldwell's motion was filed after his direct appeal could have been taken, claimed a constitutional violation based on *Bodyke*, sought to render his judgment of conviction void, and asked the trial court to vacate the judgment and sentence. Since Caldwell's motion meets the statutory definition of a postconviction-relief petition, the trial court properly treated it as such." *Id.* at ¶ 3. We agreed with the trial court that Caldwell's petition was untimely and, even if it were timely, Caldwell could have raised his constitutional challenges on direct appeal and thus his arguments were barred by res judicata.

{¶ 16} We also rejected Caldwell's argument that his conviction was void and thus the trial court had inherent authority to vacate the conviction. We distinguished *Eads* on the ground that *Eads* was a direct appeal from a conviction for failing to verify the defendant's address, whereas *Caldwell* presented a collateral attack on the conviction. *Caldwell* at ¶ 13. We stated, "[b]ecause Caldwell's pre-*Bodyke*, pre-*Williams* conviction for violating the AWA's registration requirements is, at best, an erroneous exercise of jurisdiction, meaning a legal error, it may not be collaterally attacked." *Id.* at ¶ 14. We also distinguished *Montgomery*, noting, in part, that it had been resolved under Crim.R. 32.1. See *Caldwell* at ¶15-18. We affirmed Caldwell's conviction; for reasons not relevant to this appeal, we reversed Caldwell's sentence and

remanded for resentencing.

{¶ 17} Blanton's circumstances are governed by *Caldwell*; although his reclassification under S.B. 10 is void under *Bodyke* and *Williams*,[2] his conviction for failure to verify his address is not. Moreover, as in *Caldwell*, this case is not a direct appeal from Blanton's conviction for failure to verify his address. Blanton was convicted after a bench trial, and he expressly filed a petition for post-conviction relief; it would not be reasonable to construe his petition as a motion to withdraw a plea, as we did in *Montgomery*. Rather, Blanton's petition is properly addressed as a petition for post-conviction relief, which is how he characterized it before the trial court.

{¶ 18} An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse-of-discretion standard. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *Gondor* at ¶ 48; *State v. Steffan,* 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffan* at 410; *State v. Calhoun,* 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 20} Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C.

---

[2] We note that the Attorney General's website indicates that Blanton has been released from prison and lists him as a "(Pre AWA) Sexually Oriented Offender."

2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

{¶ 21}    When a direct appeal has been taken, a petition for post-conviction relief must be filed "no later than one hundred and eighty days after the date on which the trial transcript is filed in the court of appeals * * *." R.C. 2953.21(A)(2). If no direct appeal is filed, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Id.* Blanton was convicted, after a bench trial, in July 2009 for violating the requirement, under the Adam Walsh Act, that he verify his address every 180 days. Blanton did not appeal his conviction, and he did not file his petition for post-conviction relief until September 2010, more than one year later. Blanton's petition is untimely under R.C. 2953.21.

{¶ 22}    Pursuant to R.C. 2953.23(A), a defendant may file an untimely petition for post-conviction relief if he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or if the United States Supreme Court recognizes a new federal or state right that the petitioner alleges applies retroactively to his situation. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty. *Id.*

{¶ 23} In this case, Blanton relies on the argument that his reclassification was unconstitutional based on an Ohio Supreme Court decision (*Bodyke* – which was based on the Ohio Constitution) rendered a year after his conviction and nine months after his revocation. Blanton proffers no evidence that he was unavoidably prevented from discovering any facts, and he makes no claim that the United States Supreme Court has recognized a new right that applies

to him. Although *Bodyke* and *Williams* were announced subsequent to his conviction, Blanton knew that he had been convicted of failing to verify because he had been reclassified, and he could have challenged his reclassification on direct appeal. See *Caldwell* at ¶ 5-7.

{¶ 24} At the same time, we are troubled by the fact that had Blanton pled guilty or no contest, he probably would have been entitled to at least a hearing on a motion to withdraw his plea, even if he had not appealed the original conviction. *See Montgomery*, *supra*; *see also State v. Roey*, 8th Dist. Cuyahoga No. 97484, 2012-Ohio-2207; *State v. Smith*, 10th Dist. Franklin No. 11AP-6, 2012-Ohio-465. The trial court suggested in its decision that Blanton file a motion for delayed appeal, which he did, albeit nearly six months later. We did not articulate our reasons for rejecting Blanton's motion while this appeal was pending, and since the issue is not before us, we state no opinion on whether "the procedural mechanism of a motion for a delayed appeal" could provide relief in other cases or whether a new motion by Blanton, since *Gingell* and *Williams*, would be successful.

{¶ 25} The duty of an Ohio appellate court is to review the judgment of a trial court. Ohio Constitution, Article IV, Section 3. Given the judgment before us, we must find the court did not err in denying the post-conviction relief petition or the motion for a new trial.

{¶ 26} Blanton's assignment of error is overruled.

III.

{¶ 27} The trial court's judgment will be affirmed.

. . . . . . . . . .

CANNON, J., concurs.

FAIN, J., concurring:

{¶ 28}    As is pointed out in Judge Froelich's opinion for the court, a defendant has no constitutional right to post-conviction relief; the right to post-conviction relief is granted by the Ohio General Assembly in R.C. 2953.21 through 2953.23.   Accordingly, the General Assembly can limit that right, and it has done so by, among other things, imposing a time limit for filing petitions for post-conviction relief.

{¶ 29}    But the General Assembly allows an untimely petition for post-conviction relief if it is based on a new federal or state right recognized by the United States Supreme Court that applies retroactively to the petitioner.   In allowing for this exception to the time limit, the General Assembly makes a distinction between: (1) a petitioner who bases his petition upon a new federal or state right recognized, retroactively, by the United States Supreme Court; and (2) a petitioner who bases his petition upon a new federal or state right recognized, retroactively, by the Supreme Court of Ohio.   A petitioner in the first classification may obtain post-conviction relief with an untimely petition; a petitioner in the second classification may not.

{¶ 30}    A legislature may make classifications when enacting laws, but, even if no suspect class is involved:

> The Equal Protection Clause requires more of a state law than nondiscriminatory application within the class it establishes.   *McLaughlin v. State of Florida*, 379 U.S. 184, 189-190, 85 S.Ct. 283, 286-287, 13 L.Ed.2d 222.   It also imposes a requirement of some rationality in the nature of the class singled out.   To be sure, the constitutional demand is not a demand that a statute necessarily apply equally to all persons.   "The Constitution does not require things which are different in fact * * * to be treated in law as though they were the same."   *Tigner v. State of*

*Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124. Hence, legislation may impose special burdens upon defined classes in order to achieve permissible ends. But the Equal Protection Clause does require that, in defining a class subject to legislation, the distinctions that are drawn have "some relevance to the purpose for which the classification is made." *Baxstrom v. Herold*, 383 U.S. 107, 111, 86 S.Ct. 760, 15 L.Ed.2d 620; *Carrington v. Rash*, 380 U.S. 89, 93, 85 S.Ct. 775, 778, 13 L.Ed.2d 675; *Louisville Gas Co. v. Coleman*, 277 U.S. 32, 37, 48 S.Ct. 423, 425, 72 L.Ed. 770; *Royster Guano Co. v. Commonwealth of Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561-562, 64 L.Ed. 989. *Rinaldi v. Yeager,* 384 U.S. 305, 308-309, 86 S.Ct. 1497, 1499 - 1500 (1966)

{¶ 31} I cannot think of a rational purpose between treating a petitioner who is asserting a state federal right newly, and retroactively, recognized by the United States Supreme Court more favorably th petitioner, like Blanton, who is asserting a state or federal right newly, and retroactively, recognized by Supreme Court of Ohio. Therefore, I would find that this distinction violates the Equal Protection Claus the Fourteenth Amendment to the United States Constitution, and allow a petitioner in Blanton's classifica the same opportunity to file an untimely petition for post-conviction relief that the statute allows to a petiti who is asserting a right newly recognized by the United States Supreme Court.

{¶ 32} But Blanton has never raised this issue – neither in the trial court, nor in this c Therefore, I join in the judgment of affirmance.

. . . . . . . . .

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice o Supreme Court of Ohio).

Copies mailed to:

R. Lynn Nothstine
Andrea G. Ostrowski
Hon. Mary L. Wiseman

Case Name:          *State of Ohio v. Gregory E. Blanton*
Case No.:           Montgomery App. No. 24295
Panel:        Fain, Froelich, Cannon
Author:          Jeffrey E. Froelich
Summary: