[Cite as *State v. Davis*, 2012-Ohio-5913.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee                 :          C.A. CASE NO.    25221

v.                                      :          T.C. NO.    10CR497

CLARENCE P. DAVIS                       :            (Criminal appeal from
                                                     Common Pleas Court)

    Defendant-Appellant                :

                                        :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___14th___ day of _____December_____, 2012.

· · · · · · · · · ·

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CLARENCE P. DAVIS, 627874, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}     Clarence P. Davis appeals from a judgment of the Montgomery County Court of Common Pleas denying his "Motion to Vacate Sentence" for failing to notify the

sheriff of a change of address, in violation of R.C. 2950.05(A) and (F)(1). The trial court denied the motion as an untimely petition for post-conviction relief and, alternatively, because Davis was required to provide notice of a change of address "at all times, whether under Adam Walsh Act or Megan's Law." For the following reasons, the trial court's judgment will be affirmed in part and vacated in part, and the matter will be remanded for resentencing under the former law.

I.

{¶ 2} In 1989, Davis was convicted of rape of a child under the age of 13 and gross sexual imposition. He was sentenced to five to 25 years in prison. In 1999, while still incarcerated, Davis was classified as a sexually oriented offender under Megan's Law. As a sexually oriented offender, Davis was required, upon his release from prison, to register annually for ten years and to notify the sheriff of any change of address during that period.

{¶ 3} Davis was released from prison in 2002. In 2007, the Ohio General Assembly enacted 2007 Am.Sub.S.B. No. 10, which replaced Megan's Law with Ohio's version of the federal Adam Walsh Act. Davis was reclassified as a Tier III sex offender, which required him to register every 90 days for life and to notify the sheriff of any change of address.

{¶ 4} In February 2010, Davis was indicted for failure to notify the sheriff of his change of address between December 30, 2009 and February 11, 2010, in violation of R.C. 2950.05(A) and (F)(1) of the Adam Walsh Act. Davis pled guilty to the charge, and the court sentenced him to three years in prison. Davis did not challenge the constitutionality of the Adam Walsh Act in the trial court, and he did not appeal from his conviction.

{¶ 5}     Nearly two years later, on March 15, 2012, Davis filed a "Motion to Vacate Sentence," arguing that his reclassification under the Adam Walsh Act was unconstitutional pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.   Davis also claimed that his continued incarceration violated the Retroactivity Clause of the Ohio Constitution.

{¶ 6}     The trial court construed Davis's motion as a petition for post-conviction relief, and it found that the petition was untimely and that Davis had not demonstrated that any of the exceptions to the time limitation applied.   The court further noted that Davis was indicted for failure to provide notice of a change of address, a requirement that was "unaffected" by Davis's reclassification.   It stated: "Defendant, at all times, whether under Adam Walsh Act or Megan's Law, was under a requirement to notify the Montgomery County Sheriff's Office of any change to a registered address.   Defendant pled guilty to this charge."

{¶ 7}     Davis appeals from the denial of his motion.

II.

{¶ 8}     Davis raises two assignments of error, which we will address together. They state:

I.   "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY ASSERTING MOTION WAS UNTIMELY."

II.   "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO RETROACTIVE LAW."

{¶ 9}     In his assignments of error, Davis claims that the trial court erred in treating

his motion as a petition for post-conviction relief. He asserts that *Bodyke* and recent case law regarding the Retroactivity Clause apply to his conviction, that his conviction is void, and that he was entitled to challenge his conviction at any time.

{¶ 10} In *Bodyke,* the Ohio Supreme Court concluded that "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine. In addition, R.C. 2950.031 and 2950.032 violate the separation-of-powers doctrine by requiring the opening of final judgments." *Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 67. The court severed the reclassification provisions from S.B. 10, ordered that they may not be applied to offenders previously adjudicated by judges under Megan's Law, and reinstated the classifications and community-notification and registration orders previously imposed by judges. *Id.* at ¶ 66. The supreme court has applied *Bodyke* to all sex offenders who were reclassified by the attorney general under R.C. 2950.031 and 2950.032. *See State v. Gingell,* 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192.

{¶ 11} In July 2011, the Supreme Court of Ohio rendered its decision in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In that case, Williams was indicted in 2007 for unlawful sexual conduct with a minor, and he pled guilty to the charge. At his plea hearing, Williams was informed that he would not be subject to reporting requirements. Williams subsequently requested that he be sentenced under Megan's Law, rather than S.B. 10, which was in effect at the time of Williams's sentencing

in 2008. The trial court applied S.B. 10 and informed Williams that he would be designated a Tier II sex offender. Williams appealed, arguing that S.B. 10 could not constitutionally be applied retroactively to a defendant whose offense occurred prior to the effective date of that statute. The supreme court agreed with Williams, holding that "S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams* at ¶ 21.

{¶ 12} We have addressed *Bodyke* and *Williams* in several cases with different procedural postures. We summarized some of those cases in *State v. Blanton*, 2d Dist. Montgomery No. 24295, 2012-Ohio-3276, as follows:

> We have applied *Bodyke* and *Williams* in a variety of contexts. In *State v. Eads,* 2d Dist. Montgomery No. 24696, 2011-Ohio-6307, the defendant did not appeal from his classification under S.B. 10, but he challenged that classification on appeal after he was subsequently convicted for failing to verify his residential address. On direct appeal from that conviction, we recognized that the defendant's classification under S.B. 10 was void under *Williams,* and we vacated his conviction for failing to verify his address.

> In *State v. Montgomery,* 2d Dist. Montgomery No. 24450, 2012-Ohio-391, the defendant pled guilty to failure to verify his address in accordance with S.B. 10 and did not file a direct appeal. He later moved to vacate his conviction and sentence, arguing that the trial court should have

applied *Bodyke.* We noted that Montgomery could not use Civ.R. 60(B) to vacate his conviction, and that he did not meet the procedural requirements of a petition for post-conviction relief, if his motion were construed as such. However, we declined to determine whether Civ.R. 60(B) or R .C. 2953.21 were properly invoked, because his motion could "more correctly be characterized as a Crim.R. 32.1 motion to withdraw his guilty plea." *Montgomery* at ¶ 15. Construed as such, we held that the trial court erred in failing to grant the motion. We ordered that Montgomery's conviction and sentence be vacated, and we remanded to the trial court.

However, in *State v. Caldwell,* 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, we held that the defendant's motion to vacate his conviction for failing to verify his address was properly construed as a petition for post-conviction relief. Like Blanton, Caldwell was convicted, after a bench trial, of failure to verify after he had been reclassified under S.B. 10. A year later, Caldwell moved to vacate his conviction, based on *Bodyke.* The trial court treated the motion as a petition for post-conviction relief and dismissed it as untimely.

Upon review, we held that the trial court properly reviewed Caldwell's motion as a petition for post-conviction relief. We stated, "Caldwell's motion was filed after his direct appeal could have been taken, claimed a constitutional violation based on *Bodyke,* sought to render his judgment of conviction void, and asked the trial court to vacate the judgment

and sentence. Since Caldwell's motion meets the statutory definition of a postconviction-relief petition, the trial court properly treated it as such." *Id.* at ¶ 3. We agreed with the trial court that Caldwell's petition was untimely and, even if it were timely, Caldwell could have raised his constitutional challenges on direct appeal and thus his arguments were barred by res judicata.

We also rejected Caldwell's argument that his conviction was void and thus the trial court had inherent authority to vacate the conviction. We distinguished *Eads* on the ground that *Eads* was a direct appeal from a conviction for failing to verify the defendant's address, whereas *Caldwell* presented a collateral attack on the conviction. *Caldwell* at ¶ 13. We stated, "[b]ecause Caldwell's pre- *Bodyke,* pre- *Williams* conviction for violating the AWA's registration requirements is, at best, an erroneous exercise of jurisdiction, meaning a legal error, it may not be collaterally attacked." *Id.* at ¶ 14. We also distinguished *Montgomery,* noting, in part, that it had been resolved under Crim.R. 32.1. See *Caldwell* at ¶ 15–18. We affirmed Caldwell's conviction; for reasons not relevant to [Blanton's] appeal, we reversed Caldwell's sentence and remanded for resentencing.

**{¶ 13}** In *Blanton*, the defendant also failed to comply with S.B. 10's registration requirements after his reclassification. Blanton was convicted after a bench trial, and he did not timely appeal his conviction. He later filed a petition for post-conviction relief, which the trial court denied. On appeal from that ruling, we concluded that Blanton's

circumstances were governed by *Caldwell*, and we affirmed the denial of his petition.

{¶ 14} Davis cites to an additional case, *State v. Pritchett,* 2d Dist. Montgomery No. 24183, 2011-Ohio-5978, in which the defendant appealed from the denial of his motion to withdraw his plea to failure to notify of a change of address. We rejected Pritchett's argument that the trial court had erred in denying his motion to withdraw his plea, noting that "*Bodyke* did not change the fact that Pritchett had a duty to notify the sheriff of a change in his address of residence, and Pritchett's defenses were the same, whether he were a Tier III sex offender or a sexually oriented offender." *Id.* at ¶ 22. However, we held that Pritchett should have been convicted of failure to notify as a third-degree felony under Megan's Law, rather than as a second-degree felony under the Adam Walsh Act. *Id.* at ¶ 28. We vacated Pritchett's "void" sentence and remanded for a new sentencing hearing. *Id.* at ¶ 28, ¶ 30. (We vacated the defendant's sentence in *Caldwell* based on the same reasoning.)

{¶ 15} The trial court treated Davis's Motion to Vacate Sentence as a petition for post-conviction relief, but it could have been construed as a motion to withdraw his plea, as was done in *Montgomery*, 2d Dist. Montgomery No. 24450, 2012-Ohio-391. Regardless of the approach taken, we agree with the trial court that Davis was not entitled to have his conviction vacated.

{¶ 16} As a threshold matter, Davis's reclassification under the Adam Walsh Act was nullified by *Bodyke* and *Williams*, but his conviction for failing to notify the sheriff of a change of address was merely voidable. *See Caldwell*, *supra*. Accordingly, we reject Davis's assertion that his conviction was void and was subject to attack at any time.

{¶ 17} Davis's motion to vacate, if treated as a petition for post-conviction relief, was clearly untimely under R.C. 2953.21(A)(2), which requires petitions to be filed no later than 180 days after the expiration of the time for filing an appeal from a conviction. Davis has not established a basis for filing an untimely petition, *i.e.*, that he was unavoidably prevented from discovering facts upon which he relies or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation. *See* R.C. 2953.23(A).

{¶ 18} Even if the trial court had explicitly treated Davis's motion as a motion to withdraw his guilty plea, the trial court did not err in rejecting Davis's motion. Withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases. *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *Smith* at paragraph one of the syllabus. Consideration of "[t]he motion is 'addressed to the sound discretion' of the trial court." *Id.*, citing *Smith* at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *Id.*, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.*

{¶ 19} The trial court stated that "[Davis], at all times, whether under Adam Walsh Act or Megan's Law, was under a requirement to notify the Montgomery County Sheriff's Office of any change to a registered address. Defendant pled guilty to this charge." Davis's defenses were the same, whether he were a Tier III sex offender or a sexually

oriented offender. And his indictment was sufficient to allege a violation of the notification requirements under Megan's Law, even though it cited to the Adam Walsh Act provision, R.C. 2950.05(F)(1). *See State v. Brunning*, Slip Opinion No. 2012-Ohio-5752, ¶ 31. Thus, as in *Pritchett*, Davis did not demonstrate that a manifest injustice existed so as to justify the vacation of his conviction.

**{¶ 20}** Nevertheless, we conclude that the trial court did err in failing to vacate Davis's sentence. The judgment entry in this case reflects that Davis was convicted of failure to notify as a first-degree felony, the offense level under the Adam Walsh Act. Effective January 1, 2004, after Megan's Law but prior to the Adam Walsh Act amendments, the failure to notify of a change of address (where the underlying offense was a first-degree felony) was a felony of the third degree. Former R.C. 2950.99(A)(1)(a)(i). *See State v. Howard*, Slip Opinion No. 2012-Ohio-5738, ¶ 21, ¶ 29 (holding that a defendant subject to Megan's Law should be sentenced under the version of former R.C. 2950.99 in place when Megan's Law was repealed).

**{¶ 21}** We held in *Pritchett* that the trial court erred in sentencing the defendant for a second-degree felony under the Adam Walsh Act, rather than for a third-degree felony under prior law, stating:

> Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to sentencing for a felony of the third degree. As a result of a subsequent amendment of the law, Pritchett was instead sentenced for a second degree felony offense. That amendment of the law is void, per *Williams* [, 129 Ohio

St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108]. The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's incarceration on a void sentence.

"[A] trial court is authorized to correct a void sentence." *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. An appellate court has inherent authority to vacate the void judgment and remand the case to the trial court to conduct a new sentencing hearing. *State v. Miller,* Summit App. No. 24692, 2009-Ohio-6281, ¶ 6,7.

*Pritchett* at ¶ 28-29, following *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344.

**{¶ 22}** *Pritchett* applies to this case. *See, e.g., Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 20. Accordingly, we must vacate Davis's sentence and remand so that Davis can be resentenced under the version of former R.C. 2950.99 that was in place at the time that Megan's Law was repealed.

**{¶ 23}** Davis's assignments of error are sustained in part and overruled in part.

### III.

**{¶ 24}** The trial court's judgment will be affirmed in part and vacated in part, and the matter will be remanded for resentencing under the former law.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps

Clarence P. Davis
Hon. Frances E. McGee